## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

---------------------------------------------------------

ARTHUR YOUMANS, *individually* :
*and on behalf of others similarly-situated* :
100 Second Street, P.O. Box 141 :
Oneida, PA 17985 :   CIVIL ACTION No.: _____
                                       :
       Plaintiff, :   **JURY TRIAL DEMANDED**
                                         :
   v. :
                                         :
TAMAQUA TRANSFER AND :
RECYCLING INC. :
20 Sewer Plant Road :
Tamaqua, PA 18252 :
                                         :
       Defendant. :

---------------------------------------------------------

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Arthur Youmans ("Plaintiff") hereby brings this collective/class action against Defendant Tamaqua Transfer and Recycling Inc. ("Defendant"), and alleges, upon personal belief as to his own acts, and upon information and belief as to the acts of others, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this complaint contending that Defendant has unlawfully failed to pay him and other similarly-situated individuals employed in the position of Driver ("Class Plaintiffs"), overtime compensation pursuant to the

requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq.*

2.      Plaintiff Arthur Youmans is a former employee of Defendant who was

employed in the position of Waste Disposal Driver ("Driver").

3.      During the course of their employment, Plaintiff and Class Plaintiffs

regularly worked more than forty (40) hours per week, but were not properly

compensated for their work in that Plaintiff and Class Plaintiffs were not paid an

overtime premium at 1.5 times their regular rate of pay for each hour worked in

excess of forty (40) hours in a workweek.  In this regard, Plaintiff contends that

Defendant engaged in systematic wage theft by underreporting and otherwise

failing to accurately track Plaintiff and Class Plaintiffs' total hours worked,

resulting in the denial of overtime compensation in violation of the FLSA and

PWMA.

4.      Accordingly, Plaintiff contends that he and Class Plaintiffs are owed

unpaid wages and overtime compensation which were denied to them as a result of

Defendant's unlawful pay practices.

5.      Plaintiff brings this action as a representative action under the FLSA

and PMWA for monetary damages and penalties, to seek redress for Defendant's

willful, unlawful, and improper conduct.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over this action pursuant to 29 U.S.C. §

216(b), which provides, in relevant part, that suit under the FLSA "may be

maintained against any employer . . . in any Federal or State court of competent

jurisdiction."  See 29 U.S.C. § 216(b).

7.     This Court also has federal question jurisdiction over this action

pursuant to 28 U.S.C. § 1331.

8.     This Court has supplemental jurisdiction over Plaintiff's state law

claims because those claims arise out of the same nucleus of operative fact as

Plaintiff's FLSA claims.

9.     The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as

the Defendant resides in this judicial district, doing business therein, and the

unlawful practices of which Plaintiff is complaining were committed in the

Commonwealth of Pennsylvania.

## PARTIES

10.     Plaintiff Arthur Youmans currently resides at 100 Second Street, P.O.

Box 141, Oneida, PA 17985.

11.     Upon information and belief, Defendant Tamaqua Transfer and

Recycling Inc., is a business corporation organized and existing under the laws of

the Commonwealth of Pennsylvania, with a headquarters and office address

3

registered with the Pennsylvania Secretary of State of 244 East Broad Street,
Tamaqua, PA 18252.  Defendant also has an office location at 20 Sewer Plant
Road, Tamaqua, PA 18252, out of which Plaintiff and Class Plaintiffs were
employed.

12.    Upon information and belief, Defendant operates throughout the
Commonwealth of Pennsylvania, including this judicial district.

13.    Defendant is an "employer" of Plaintiff and Class Plaintiffs and
covered by the FLSA.

14.    Upon information and belief, Defendant is a covered employer under
the FLSA in that, during the course of Plaintiff's employment, it had an annual
dollar volume of sales or business done of at least $500,000, and has multiple
employees (including, but not limited to Plaintiff and Class Plaintiffs) who handle,
sell, or otherwise work on goods or materials that have been moved in or produced
for commerce.

15.    Plaintiff and, upon information and belief, Class Plaintiffs was/were
employees who were engaged in commerce and employed by Defendant during all
times relevant hereto and, as such, were employees entitled to the FLSA's
protections.  See 29 U.S.C. 203(e).

16.   Plaintiff and, upon information and belief, Class Plaintiffs are employees who were employed by Defendant during all times relevant hereto and, as such, are employees entitled to the FLSA's protections.  See 29 U.S.C. § 203(e).

17.   At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

18.   Paragraphs 1 through 17 are hereby incorporated by reference as though the same were fully set forth at length herein.

19.   This action is brought as a collective action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former employees of Defendant.

20.   Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendant in the Commonwealth of Pennsylvania in the position of Driver who worked for Defendant at any point in the past three (3) years and were denied overtime compensation due to Defendant's failure to

accurately track their total hours worked in violation of the FLSA ("Class Plaintiffs").

21.    Plaintiff estimates that there are in excess of twenty (20) other similarly-situated Drivers who either are working or worked for Defendant in the Commonwealth of Pennsylvania and were unlawfully denied overtime compensation at 1.5 times their "regular rate" of pay for hours worked in excess of forty (40) in a workweek as a result of the unlawful practices described above. The precise number of employees can easily be ascertained by Defendant.  These employees can be identified and located using Defendant's payroll and personnel records.  Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication.

22.    Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because the Class Plaintiffs are similarly-situated.  Plaintiff and Class Plaintiffs were similarly denied overtime compensation at their regular rate of pay as a result of Defendant's failure to accurately track their total hours worked under the FLSA/PMWA, had the same or similar job classifications and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures.  Further, Defendant's willful policies and practices, which are discussed more fully in this Collective and Class Action Complaint, whereby Defendant has failed to pay Class Plaintiffs an overtime

premium based on 1.5 times their "regular rate" for all hours worked over forty (40) hours in a workweek, have impacted Class Plaintiffs in the same fashion.

23.     Plaintiff will request the Court to authorize notice to all current and former similarly-situated employees employed by Defendant, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

## PENNSYLVANIA CLASS ACTION ALLEGATIONS

24.     Paragraphs 1 through 23 are hereby incorporated by reference as though the same were fully set forth at length herein.

25.     Plaintiff brings this action individually, and on behalf of the following Pennsylvania-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All persons presently or formerly employed by Defendant during the past three (3) years in the position of Driver who were denied overtime compensation due to Defendant's failure to accurately track their total hours worked in violation of the PMWA.

26.     The members of the class are so numerous that joinder of all members is impractical.  Class members may be informed of the pendency of this Class Action by direct mail.

27.     Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Class, including, but not limited to:

A.      Whether Plaintiff and the Class are entitled to overtime compensation for services rendered in excess of forty (40) hours per week under the PMWA;

B.      Whether Defendant failed to accurately track and maintain records of the hours worked by Plaintiff and the Class;

C.      Whether Defendant implemented and maintained an effective reporting mechanism for Plaintiff and Class Plaintiffs to track and obtain payment for all hours worked;

D.      Whether Plaintiff and the Class worked in excess of forty (40) hours per week; and

E.      Whether Plaintiff and the Class have suffered and are entitled to damages, and if so, in what amount.

28.     Plaintiff's claims are typical of the claims of the Class members. Plaintiff is a former employee of Defendant who was employed in the position of Laborer who has suffered similar injuries as those suffered by the Class members as a result of Defendant's failure to properly pay overtime compensation. Defendant's conduct of violating the PMWA has affected Plaintiff and the Class in the same way.

8

29.    Plaintiff will fairly and adequately represent and protect the interests of the Class.  Plaintiff is similarly situated to the Class and has no conflict with the Class members.

30.    Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

31.    Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A.    The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant;

B.    Defendant, by failing to pay wages and overtime compensation when they became due and owing in violation of the PMWA, has acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

C.    The common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of

consistency, economy, efficiency, fairness, and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

32.    A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.  Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of each member of the Class to protect his or her interests.

## **FACTUAL BACKGROUND**

33.    Paragraphs 1 through 32 are hereby incorporated by reference as though the same were fully set forth at length herein.

34.    Plaintiff Arthur Youmans began his employment with Defendant in or around July 2023, when he was hired as a Driver out of Defendant's location in Tamaqua, PA.

35.    Plaintiff continued working for Defendant until on or around March 16, 2024, when his employment ended.

36.    During the course of his employment, Plaintiff made multiple attempts to obtain clarification from Defendant's management, including Larry Wittig ("Mr. Wittig"), regarding the method by which he and other Drivers were being compensated.

37.    Plaintiff received multiple, mutually-inconsistent responses to these queries.

38.    For example, when Plaintiff asked why he was not being paid overtime compensation at the first safety meeting in August of 2023, Mr. Wittig responded this was because Defendant's drivers were paid "by the route."

39.    However, when Plaintiff then questioned why his pay varied, often significantly, from day to day even when he worked the exact same route, he would be told that he was paid "per hour."

40.    Notably, Defendant did not use a time clock, time sheets, or any other means for Plaintiff and Class Plaintiffs to accurately track their hours worked.

41.    Rather, according to what Mr. Wittig told Plaintiff, Defendant's payroll manager, Angela Dannenfelser ("Ms. Dannenfelser") "keeps track" of the Drivers' hours, despite the fact that Plaintiff's shift generally began at midnight and Ms. Dannenfelser would not arrive at work until approximately 6 am.

42.     Mr. Wittig justified this haphazard approach to tracking Plaintiff's (and the other Drivers') hours worked by asserting that if Defendant used a time clock, "other people could punch in for you," and noted that he would have to worry about Drivers "slowing down" and "taking more time" in order to pad their wages.

43.     What is more, on or around March 15, 2024, Mr. Wittig effectively conceded to Plaintiff that Defendant was not even attempting to accurately track his or Class Plaintiffs' hours worked.

44.     Specifically, when Plaintiff confronted Mr. Wittig about the fact that his paystub only showed forty-two and a half (42.5) hours of pay for that workweek, when he had actually worked fifty-four (54) hours, Mr. Wittig did not attempt to justify the discrepancy.

45.     Rather, Mr. Wittig told Plaintiff, "That's what we feel it should take you to do the route," effectively acknowledging that Defendant simply chooses to pay Plaintiff and, upon information and belief, Class Plaintiffs, what it wants to pay them irrespective of their actual hours worked.

46.     Although Plaintiff typically worked approximately eleven (11) to twelve (12) or more hours per day, five days per week, for a total of approximately fifty-five (55) to sixty (60) hours per week, Plaintiff was generally paid for

approximately ten (10) to fifteen (15) fewer hours than he actually worked, resulting in the non-payment of overtime compensation.

47.    Upon information and belief, Class Plaintiffs worked similar hours and were similarly denied compensation for all hours worked due to Defendant's failure to accurately track and compensate them for all hours worked, resulting in the non-payment of overtime compensation.

48.    Plaintiff and, upon information and belief, all Drivers employed by Defendant are classified by Defendant as "non-exempt" under the FLSA/PMWA.

49.    As Drivers, Plaintiff's and Class Plaintiffs' job duties consisted of driving waste disposal trucks and hauling waste and recycling to landfill and/or other disposal sites throughout the Tamaqua area.

50.    All of Plaintiff's and Class Plaintiffs' work took place within the Commonwealth of Pennsylvania and was purely intrastate in nature.

51.    Plaintiff estimates that, as a result of the unlawful pay practices of Defendant described above, he and Class Plaintiffs have been denied compensation for approximately ten (10) to twenty (20) hours of overtime per week.

52.    By way of example, during the workweek of March 1, 2024 to March 7, 2024, Plaintiff worked sixty (60) hours, but was only paid forty-two and a half (42.5) hours, resulting in the denial of seventeen and a half (17.5) hours of overtime compensation.

53.     Plaintiff complained to Defendant about Defendant's failure to properly compensate Plaintiff and Class Plaintiffs for all hours worked, including overtime hours, as aforesaid.

54.     Defendant ignored Plaintiff's complaints, electing instead to continue denying him and Class Plaintiffs overtime compensation for all hours worked over forty (40) in a workweek.

55.     Defendant failed to track and maintain accurate records of the regular and overtime hours worked by Plaintiff and, upon information and belief, Class Plaintiffs, per day and per week as required by the FLSA.  See 29 C.F.R. § 516.2.

56.     Defendant was aware that Plaintiff and, upon information and belief, Class Plaintiffs were/are working significant overtime hours without properly receiving overtime compensation as aforesaid.

57.     To the extent Defendant qualifies as a "motor carrier" or a "private motor carrier" within the meaning of the FLSA/PMWA, which Plaintiff denies, the purely intrastate nature of Plaintiff's (and Class Plaintiffs' duties) alone categorically disqualifies Defendant from claiming the Motor Carrier Exemption from the FLSA/PMWA's overtime compensation requirements.

58.     There are no overtime exemptions under the FLSA or PMWA which could even arguably be applicable to Plaintiff or Class Plaintiffs.

59.     Plaintiff and Class Plaintiffs are/were, within the meaning of the FLSA and PMWA, non-exempt employees of Defendant and therefore entitled to overtime compensation for all hours they worked over forty (40) in a workweek.

60.     As a result of Defendant's aforesaid illegal actions, Plaintiff and Class Plaintiffs have suffered damages.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C § 201, *et seq.***
**<u>FAILURE TO PAY OVERTIME COMPENSATION</u>**

61.     Paragraphs 1 through 60 are hereby incorporated by reference as though the same were fully set forth at length herein.

62.     Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

63.     Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

64.     Defendant failed to accurately track and maintain records of all hours worked by Plaintiff and Class Plaintiffs.

65.     As a result, Defendant failed to pay Plaintiff and Class Plaintiffs overtime compensation for all hours worked over forty (40) in a workweek at 1.5 times their regular rate of pay.

66.     The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

67.     Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

68.     Defendant is liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE,** Plaintiff prays for the following relief on behalf of himself and Class Plaintiffs;

A.     An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.     An Order from the Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all persons presently or formerly employed by Defendant in the position of Driver, who worked for Defendant in the Commonwealth of Pennsylvania and at any point in the past three (3) years, and were denied overtime compensation due to Defendant's failure to accurately track their total hours worked in violation of the FLSA, and authorizing Plaintiff's counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for

Defendant during the liability period, but were not paid overtime compensation at 1.5 times their regular rate of pay as required by the FLSA;

C.      Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

D.      Adjudicating and declaring that Defendant violated the FLSA by failing to pay overtime compensation to Plaintiff and Class Plaintiffs for work performed in excess of forty (40) hours per week;

E.      Awarding Plaintiff and Class Plaintiffs back overtime wages in an amount consistent with the FLSA;

F.      Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

G.      Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

H.      Awarding pre- and post-judgment interest and court costs as further allowed by law;

I.      Granting Plaintiff and the Class Plaintiffs leave to add additional plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

J.      For all additional general and equitable relief to which Plaintiff and the Class Plaintiffs may be entitled.

**COUNT II**
**PENNSYLVANIA MINIMUM WAGE ACT OF 1968**
**43 P.S. § 333,** *et seq.*
**FAILURE TO PAY OVERTIME COMPENSATION**

69.     Paragraphs 1 through 68 are hereby incorporated by reference as though the same were fully set forth at length herein.

70.     The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to their employees.  See 43 P.S. § 333.113.

71.     The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek.  See 43 P.S. § 333.113.

72.     By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation and for failing to properly pay Plaintiff and Class Plaintiffs for all hours worked.

73.     As a result of Defendant's unlawful acts, Plaintiff and Class Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with interest, costs, and attorney's fees pursuant to Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiff, on behalf of himself and Class Plaintiffs, prays for judgment against Defendant as follows:

A.      An Order certifying this case as a class action and designating Plaintiff as the representative of the Class and his counsel as class counsel;

B.      An award to Plaintiff and Class Plaintiffs for the amount of unpaid overtime compensation to which they are entitled, including interest thereon, and penalties subject to proof;

C.      An award to Plaintiff and Class Plaintiffs of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

D.      An award to Plaintiff and Class Plaintiffs for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by jury as to all issues so triable.


Respectfully submitted,

**MURPHY LAW GROUP, LLC**


By:    /s/ Michael Groh
        Michael Murphy, Esq.
        PA ID No. 91262
        Michael Groh, Esq.
        PA ID No. 319296

Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
mgroh@phillyemploymentlawyer.com
Attorneys for Plaintiff

Dated: June 10, 2024

## <u>DEMAND TO PRESERVE EVIDENCE</u>

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's and Class Plaintiffs' employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.